Filed 2/26/21  P. v. Higginson CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>THEODORE RONALD HIGGINSON,<br><br>    Defendant and Appellant. | B301820<br><br>(Los Angeles County<br>Super. Ct. No. MA075715) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea, defendant and appellant Theodore Ronald Higginson pled no contest to violation of Penal Code section 422, subdivision (a).[1]  We affirm the judgment.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

Porschea Alley and Higginson had dated for seven years and had an infant daughter together.  They broke up in October 2018.  In February 2019, Alley was dating someone else.

At approximately 1:00 a.m. on February 15, 2019, Alley and Higginson were outside Alley's apartment, talking.  According to Alley's statements to a police officer after she called 911 the next afternoon, she and Higginson argued.  He shouted, " 'Bitch, let me get my daughter,' " and threatened to kill her.  He started his car and drove toward her.  She had to jump out of the way to avoid being hit, and the car came within five feet of her.  Alley believed Higginson was going to hit her with the car.

At the preliminary hearing, Alley testified that she and Higginson had been arguing because he wanted to take their newborn daughter to his residence.  Alley refused, because she disliked a woman who was at his home that evening.  She falsely reported that Higginson threatened her and tried to run her over.  She "wanted to put him in jail because [she] was upset that he had this girlfriend."

In an information filed on March 26, 2019, Higginson was charged with assault with a deadly weapon, a vehicle (§ 245, subd. (a)(1), count 1) and making a criminal threat (§ 422,

---

[1]     All further undesignated statutory references are to the Penal Code.

[2]     Because Higginson pled no contest before trial, we derive the facts from the preliminary hearing transcript.

2

subd. (a), count 2). The information alleged, as to both offenses, that Higginson personally used a deadly and dangerous weapon (§ 12022, subd. (b)(1)) and had suffered two prior serious or violent felony convictions. (§§ 667, subd. (d), 1170.12, subd. (b).)

On April 24, 2019, Higginson declined the services of a private attorney, apparently retained on his behalf by his family, because Higginson did not wish to waive time and retained counsel would have required a brief continuance. Appointed defense counsel expressed concern about Higginson's competency. The trial court, Judge Charles A. Chung, asked Higginson a series of questions, concluded he was "perfectly lucid," and declined to declare a doubt. In response, counsel stated that Higginson's family had told him Higginson spent time in Atascadero Mental Hospital, and it appeared he was receiving mental health treatment in jail. In counsel's view, Higginson appeared very suspicious and seemed to have difficulty making decisions. Although Higginson appeared "on a very minimal level to be oriented" and generally knew what was going on, counsel did not feel Higginson could fully assist in his defense. He seemed unable to "fully grasp the various decisions to be made in the case. For example, to have a private lawyer or myself. It just seems very difficult for him." The court replied, "My ruling stands. I haven't heard anything that is compelling to the court to declare a doubt. I know there is some concern about whether he is competent because of his decision making process in terms of the choice of attorneys. I actually find that there is a great clarity in that. He seems to fully understand that if he were to go with [private counsel], that would entail a time waiver. And he's made it very clear he does not want to waive time. I think demanding a right to a speedy trial, which is a constitutional

3

right and making decisions on that compelling interest makes him incredibly rational, not necessarily incompetent."

The matter was transferred to a courtroom for trial, with Judge Kathleen Blanchard presiding. On May 17, 2019, pursuant to a negotiated disposition, and after being advised of and waiving his rights to a trial, to confrontation, and against self-incrimination, Higginson pled no contest to count 2, making a criminal threat. Higginson also admitted suffering a "strike" conviction for making a criminal threat in 2009. Counsel concurred in the plea. The trial court found Higginson's waivers were knowingly, understandingly, and intelligently made, and that there was a factual basis for the plea. Pursuant to the parties' agreement, Higginson's case was sent to a different courtroom for determination of his eligibility for the Alternative Resources Court (A.R.C.) program. If not accepted, he would be sentenced to four years in prison. In accordance with the negotiated plea, the court struck a remaining prior strike allegation.

On June 19, 2019, Judge Christopher G. Estes found Higginson ineligible or unsuitable for "mental health court."

On July 9, 2019, Judge Blanchard granted a continuance to allow defense counsel to seek an alternative treatment program for Higginson. However, Higginson was not accepted into the treatment program counsel had identified.

On August 19, 2019,[3] in accordance with the plea agreement, the court sentenced Higginson to the midterm of two

---

[3] Also on August 19, 2019, at defense counsel's request, the court conducted an ex parte hearing with counsel. The transcript of that hearing, which we have reviewed, was sealed. Accordingly, we do not further discuss it here.

years, doubled pursuant to the Three Strikes law, for a total of four years in prison, with credit for 373 days in custody.  It imposed a $300 restitution fine (§ 1202.4, subd. (b)), a suspended parole revocation restitution fine in the same amount (§ 1202.45), a $40 court operations assessment (§ 1465.8, subd. (a)(1)), and a $30 criminal conviction assessment (Gov. Code, § 70373).  The court dismissed count 1, assault with a deadly weapon.  It observed that defense counsel had made "extraordinary efforts" to find a placement program for Higginson.

Higginson timely appealed.  As far as the record reflects, he did not obtain a certificate of probable cause.

## DISCUSSION

After review of the record, Higginson's court-appointed counsel filed an opening brief that raised no issues, and requested that this court conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Appellant was advised that he had 30 days to submit by brief or letter any contentions or argument he wished this court to consider.  We have received no response.

Pursuant to section 1237.5 and California Rules of Court, rule 8.304(b), a criminal defendant who appeals following a plea of no contest or guilty, without a certificate of probable cause, may only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity.  (*People v. Johnson* (2009) 47 Cal.4th 668, 676–677 & fn. 3; *People v. French* (2008) 43 Cal.4th 36, 43.)  With respect to sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied no arguable issues exist and Higginson's attorney has fully complied with the responsibilities of counsel.

5

(*People v. Kelly* (2006) 40 Cal.4th 106, 125–126; *People v. Wende, supra*, 25 Cal.3d at pp. 441–442.)

### DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


EDMON, P. J.


We concur:



EGERTON, J.



DHANIDINA, J.